UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. _____

**ROBERT SAN MARTIN**, **MIGUEL RIBEIRO**, and other similarly situated individuals,

        Plaintiff(s),

v.

**R&S CONCRETE SOUTH, INC.**, a Florida Corporation, **ROGER & SONS CONCRETE, INC.**, a New York Corporation, and **ANTONIO RODRIGUES**,

        Defendants.

**COMPLAINT**
**(OPT-IN PURSUANT TO 29 U.S.C § 216(B))**

Plaintiffs, ROBERT SAN MARTIN, MIGUEL RIBEIRO ("Plaintiffs") and other similarly situated individuals, sue the Defendants, R&S CONCRETE SOUTH, INC., a Florida Corporation, ROGER & SONS CONCRETE, INC., a New York Corporation, and ANTONIO RODRIGUES (collectively the "Defendants"), and allege:

**JURISDICTION**

1. This is an action to recover money damages for unpaid overtime wages and retaliation under the laws of the United States.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").



www.saenzanderson.com

1

## VENUE

3. Plaintiffs reside within the jurisdiction of this Honorable Court. Plaintiffs are covered employees for purposes of the Act who worked for Defendants in Miami-Dade County, Florida.

4. Defendants R&S CONCRETE SOUTH, INC. and ROGER & SONS CONCRETE, INC. (the "Corporate Defendants") have an office and do business in Miami-Dade County. At all times relevant, the Corporate Defendants engaged in interstate commerce.

5. Defendant ANTONIO RODRIGUES (the "Individual Defendant") is the owner and/or officer of the Corporate Defendants, and he had an office and does business in Miami-Dade County, Florida. At all times material hereto, the Individual Defendant was and is engaged in interstate commerce.

## CORPORATE DEFENDANTS ARE AN INTEGRATED ENTERPRISE, JOINT EMPLOYERS, OR AGENTS OF EACH OTHER

6. The Corporate Defendants share common ownership, common management, centralized control of labor relations, and common offices and interrelated operations. Discovery will reveal that Defendant ANTONIO RODRIGUES is an owner and an officer in both of the Corporate Defendants.

7. The Corporate Defendants are an integrated enterprise under the law. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

8. The Corporate Defendants share employees or interchange employees; work in the direct interest of one another; and their employees are in the common control of both companies.



www.saenzanderson.com

The Corporate Defendants are joint employers. Alternatively, each company is an enterprise under the law and each company is an agent of each other.

9. To illustrate, surveying technician, Wayde Nairn is an employee or agent of ROGER & SONS CONCRETE, INC. in New York, but he works in South Florida and provides services for R&S CONCRETE SOUTH, INC. in South Florida. Similarly, superintendent, John Coniglio is an employee or agent of ROGER & SONS CONCRETE, INC. in New York, but he works in South Florida and provides services for R&S CONCRETE SOUTH, INC. in the Miami-Fort Lauderdale area. Also, a Lawrence Franzese is employed as district manager for R&S CONCRETE SOUTH, INC. and is simultaneously employed as project manager for ROGER & SONS CONCRETE, INC. Relatedly, Plaintiff and at least other two to five similarly situated co-workers specifically worked in New York for ROGER & SONS CONCRETE, INC. and were later transferred to Florida to work under R&S CONCRETE SOUTH, INC. Initially, Plaintiff and those similarly situated employees were working in Florida but paid by ROGER & SONS CONCRETE, INC. Later, R&S CONCRETE SOUTH, INC. paid their salaries, but they still answered to both Corporate Defendants.

10. Each Corporate Defendant is sued individually, as an integrated enterprise, as joint employers, and as agent of each other.

**GENERAL ALLEGATIONS**

11. This action is brought by Plaintiffs and those similarly situated to recover from the Corporate Defendants unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, "No



www.saenzanderson.com

3

employer shall employ any of his employees . . . for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

12. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b). The Corporate Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce. At all times pertinent to this Complaint, the Corporate Defendants operate as organizations which sell and/or market their services and/or goods to customers from throughout the United States and also provide their services for goods sold and transported from across state lines of other states, and the Corporate Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do their business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

13. The annual gross revenue of each of the Corporate Defendants was at all times material hereto in excess of $500,000 per annum, and/or Plaintiffs and those similarly situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

14. By reason of the foregoing, the Corporate Defendants are and were, during all times hereafter mentioned, enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiffs and those similarly situated were and/or are engaged in interstate commerce for the Corporate Defendants. The Corporate Defendants' business activities involve those to which the Act applies. The Corporate Defendants are well known construction companies and, through their business activity, affect interstate commerce. The Plaintiffs' work for the Corporate Defendants likewise affects



www.saenzanderson.com

4

interstate commerce. Plaintiffs were employed by the Corporate Defendants as carpenters and construction workers for the Corporate Defendants' business.

### COUNT I: UNPAID OVERTIME OWED TO ROBERT SAN MARTIN BY THE CORPORATE DEFENDANTS

15. Plaintiff Robert San Martin ("San Martin") re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

16. While employed by the Corporate Defendants, San Martin worked approximately an average of 46-54 hours per week without being compensated at the rate of not less than one-and one-half times the regular rate at which he was employed. San Martin was employed as a carpenter and construction worker performing the same or similar duties as that of those other similarly situated carpenter and construction workers whom San Martin observed working in excess of 40 hours per week without overtime compensation.

17. San Martin worked for the Corporate Defendants from approximately March of 2015 to May 16, 2022. In total, San Martin worked approximately 150 compensable weeks under the Act, or 150 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

18. The Corporate Defendant paid San Martin on average approximately $2,500 per week.

19. However, the Corporate Defendant did not properly compensate San Martin for hours that San Martin worked in excess of 40 per week.

20. San Martin seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.



www.saenzanderson.com

21. Prior to the completion of discovery and to the best of San Martin's knowledge, at the time of the filing of this Complaint, San Martin's good faith estimate of unpaid overtime wages is as follows:

   a. **Actual Damages: $39,000**

      i. <u>Calculation</u>: $2,500/50 = $50 (hourly pay) x .5 (overtime rate) x 10 (approximate number of overtime hours) x 150 (compensable weeks) = $37,500

   b. **Liquidated Damages:** $37,500

   c. **Total Damages: $75,000** plus reasonable attorneys' fees and costs of suit.

22. At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that San Martin and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

23. The Corporate Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing San Martin and those similarly situated these overtime wages since the commencement of San Martin's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and San Martin and those similarly situated are entitled to recover double damages. The Corporate



Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

24. The Corporate Defendants willfully and intentionally refused to pay San Martin overtime wages as required by the laws of the United States as set forth above and remains owing San Martin these overtime wages since the commencement of San Martin's employment with the Corporate Defendants as set forth above.

25. San Martin has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, San Martin and those similarly situated request that this Honorable Court:

A. Enter judgment for San Martin and other similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award San Martin actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award San Martin an equal amount in double damages/liquidated damages; and

D. Award San Martin reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

San Martin and those similarly situated demand trial by jury of all issues so triable as of right.



www.saenzanderson.com

**COUNT II: UNPAID OVERTIME OWED TO
MIGUEL RIBEIRO BY THE CORPORATE DEFENDANTS**

26. Plaintiff Miguel Ribeiro ("Ribeiro") re-adopts each and every factual allegation as stated in paragraphs 1-14 above as if set out in full herein.

27. While employed by the Corporate Defendants, Ribeiro worked approximately an average of 46-54 hours per week without being compensated at the rate of not less than one- and one-half times the regular rate at which he was employed. Ribeiro was employed as a carpenter and construction worker performing the same or similar duties as that of those other similarly situated carpenter and construction workers whom Ribeiro observed working in excess of 40 hours per week without overtime compensation.

28. Ribeiro worked for the Corporate Defendants since approximately more than 20 years until his constructive discharge on May 16, 2022. In total, Ribeiro worked approximately 156 compensable weeks under the Act, or 156 compensable weeks if we count 3 years preceding the date of the filing of the instant action.

29. The Corporate Defendant paid Ribeiro on average approximately $2,500 per week.

30. However, the Corporate Defendant did not properly compensate Ribeiro for hours that Plaintiff worked in excess of 40 per week.

31. Ribeiro seeks to recover unpaid overtime wages accumulated from the date of hire and/or from 3 (three) years preceding the date of the filing of this Complaint.

32. Prior to the completion of discovery and to the best of Ribeiro's knowledge, at the time of the filing of this Complaint, Ribeiro's good faith estimate of unpaid overtime wages is as follows:



    **a. Actual Damages: $39,000**

    ii.    <u>Calculation</u>: $2,500/50 = $50 (hourly pay) x .5 (overtime rate) x 10 (approximate number of overtime hours) x 150 (compensable weeks) = $37,500

    **b. Liquidated Damages:** $37,500

    **c. Total Damages: $75,000** plus reasonable attorneys' fees and costs of suit.

33.    At all times material hereto, the Corporate Defendants failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Ribeiro and those similarly situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Corporate Defendants to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the Act. The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of the Corporate Defendants who are and who were subject to the unlawful payroll practices and procedures of the Corporate Defendants and were not paid time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

34.    The Corporate Defendants knew and/or showed reckless disregard for the provisions of the Act concerning the payment of overtime wages and remains owing Ribeiro and those similarly situated these overtime wages since the commencement of Ribeiro's and those similarly situated employees' employment with the Corporate Defendants as set forth above, and Plaintiff and those similarly situated are entitled to recover double damages. The Corporate Defendants never posted any notice, as required by Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.



35. The Corporate Defendants willfully and intentionally refused to pay Ribeiro overtime wages as required by the laws of the United States as set forth above and remains owing Ribeiro these overtime wages since the commencement of Ribeiro's employment with the Corporate Defendants as set forth above.

36. Ribeiro has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, Ribeiro and those similarly situated request that this Honorable Court:

A. Enter judgment for Ribeiro and other similarly situated and against the Corporate Defendants on the basis of the Corporate Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Ribeiro actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Ribeiro an equal amount in double damages/liquidated damages; and

D. Award Ribeiro reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Ribeiro and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT III: ROBERT SAN MARTIN's
## CLAIM AGAINST INDIVIDUAL DEFENDANT

37. San Martin re-adopts each and every factual allegation as stated in paragraphs 1-25 above as if set out in full herein.

ANTONIO RODRIGUES



www.saenzanderson.com

10

38. At the times mentioned, the Individual Defendant ANTONIO RODRIGUES was, and is now, an owner and an officer in both Corporate Defendants.

39. The Individual Defendant ANTONIO RODRIGUES was an employer of San Martin and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Plaintiff and others similarly situated.

40. The Individual Defendant ANTONIO RODRIGUES had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided San Martin with his work schedule, and is jointly liable for San Martin's damages.

41. ANTONIO RODRIGUES approved the decision to transfer San Martin from New York to Florida. ANTONIO RODRIGUES approved the decision to have R&S CONCRETE SOUTH, INC. pay for San Martin's wages once San Martin had already been working and been paid by ROGER & SONS CONCRETE, INC. in Florida.

42. The Individual Defendant ANTONIO RODRIGUES is and was, at all times relevant, a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

43. ANTONIO RODRIGUES decided the rate of San Martin's wages.

44. The Individual Defendant ANTONIO RODRIGUES willfully and intentionally caused Plaintiff not to receive overtime compensation as required by the laws of the United States



www.saenzanderson.com

as set forth above and remains owing San Martin these overtime wages since the commencement of Plaintiff's employment with the Corporate Defendants as set forth above.

45. San Martin has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

**WHEREFORE**, San Martin and those similarly situated request that this Honorable Court:

A. Enter judgment for San Martin and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award San Martin actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award San Martin an equal amount in double damages/liquidated damages; and

D. Award San Martin reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

San Martin and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT IV: MIGUEL RIBEIRO's CLAIM AGAINST INDIVIDUAL DEFENDANT

46. Ribeiro re-adopts each and every factual allegation as stated in paragraphs 1-14 and 26-36 above as if set out in full herein.

ANTONIO RODRIGUES



www.saenzanderson.com

47. At the times mentioned, the Individual Defendant ANTONIO RODRIGUES was, and is now, an owner and an officer in both Corporate Defendants.

48. The Individual Defendant ANTONIO RODRIGUES was an employer of Ribeiro and others similarly situated within the meaning of Section 3(d) of the Act [29 U.S.C. § 203(d)], in that this defendant acted directly or indirectly in the interests of the Corporate Defendants in relation to the employees of the Corporate Defendants, including Ribeiro and others similarly situated.

49. The Individual Defendant ANTONIO RODRIGUES had operational control of the Corporate Defendants, was involved in the day-to-day functions of the Corporate Defendants, provided Plaintiff with his work schedule, and is jointly liable for Ribeiro's damages.

50. ANTONIO RODRIGUES approved the decision to transfer Ribeiro from New York to Florida. ANTONIO RODRIGUES approved the decision to have R&S CONCRETE SOUTH, INC. pay for Plaintiff's wages once Ribeiro had already been working and been paid by ROGER & SONS CONCRETE, INC. in Florida.

51. The Individual Defendant ANTONIO RODRIGUES is and was, at all times relevant, a person in control of the Corporate Defendants' financial affairs and can cause the Corporate Defendants to compensate (or not to compensate) their employees in accordance with the Act.

52. ANTONIO RODRIGUES decided the rate of Ribeiro's wages.

53. The Individual Defendant ANTONIO RODRIGUES willfully and intentionally caused Ribeiro not to receive overtime compensation as required by the laws of the United States



www.saenzanderson.com

13

as set forth above and remains owing Ribeiro these overtime wages since the commencement of Ribeiro's employment with the Corporate Defendants as set forth above.

## PRAYER FOR RELIEF

**WHEREFORE**, Ribeiro and those similarly situated request that this Honorable Court:

A. Enter judgment for Ribeiro and other similarly situated and against the Individual Defendant on the basis of the Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Ribeiro actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly; and

C. Award Ribeiro an equal amount in double damages/liquidated damages; and

D. Award Ribeiro reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just.

## JURY DEMAND

Ribeiro and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT V: 29 U.S.C. 215 (a)(3) RETALIATION
## AGAINST R&S CONCRETE SOUTH, INC. (ROBERT SAN MARTIN)

54. San Martin re-adopts each and every factual allegation as stated in paragraphs 1-25 and 37-51 above as if set out in full herein.

55. Defendants willfully and intentionally refused to pay San Martin his legally owed overtime wages as required by the laws of the United States and remain owing San Martin these wages as set forth above.

56. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any



www.saenzanderson.com

14

complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."

57. San Martin and two others similarly situated co-workers, Miguel Ribeiro and Oliveira Ribeiro, complained about unpaid wages to the Defendants. Specifically, San Martin and his similarly situated co-workers questioned Corporate Defendants why San Martin and his similarly situated co-workers were required to work overtime during the week and on Saturdays without proper additional pay. In response, Corporate Defendants' agent/employee, Nuno Barrosa, told San Martin and his similarly situated co-workers: "you have to work at least 46-50 hours per week, even if you work the overtime for free."

58. San Martin replied that it was not fair to work overtime and on Saturdays if he was not going to be compensated for it. Mr. Barrosa threatened "shut up, or I am going to blacklist you. If you do not come to work tomorrow (Saturday), you are fired."

59. San Martin opposed Mr. Barrosa directive and did not go to work on Saturday, May 14, 2022. His similarly situated co-workers also did not show up to work on Saturday, May 14, 2022. As a result, Mr. Barrosa sent Plaintiff and his similarly situated co-workers home as "punishment" and told them to check back on May 23, 2022, to see if by then Defendants would lift the "punishment."

60. Corporate Defendants suspended San Martin or constructively discharged him.

61. The motivating factor, which caused San Martin's suspension and constructive discharge as described above, was the complaint seeking the payment of overtime wages from the Corporate Defendants. In other words, San Martin would not have been suspended or fired but for his complaint about unpaid overtime wages.



www.saenzanderson.com

15

62. The Corporate Defendants' termination of San Martin was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Plaintiff has been damaged.

## PRAYER FOR RELIEF

**WHEREFORE**, San Martin requests that this Honorable Court:

A. Enter a judgment against the Corporate Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Corporate Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

## JURY DEMAND

San Martin and those similarly situated demand trial by jury of all issues so triable as of right.

## COUNT VI: 29 U.S.C. 215 (a)(3) RETALIATION AGAINST R&S CONCRETE SOUTH, INC. (MIGUEL RIBEIRO)

63. Ribeiro re-adopts each and every factual allegation as stated in paragraphs 1-14, 26-36 and 52-66 above as if set out in full herein.

64. Defendants willfully and intentionally refused to pay Ribeiro his legally owed overtime wages as required by the laws of the United States and remain owing Ribeiro these wages as set forth above.

65. 29 U.S.C. § 206(a)(3) states that it shall be unlawful for any person "to discharge or in any manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in such proceeding . . . ."



www.saenzanderson.com

16

66. Ribeiro and two other similarly situated co-workers, Robert San Martin and Oliveira Ribeiro, complained about unpaid wages to the Defendants. Specifically, Ribeiro and his similarly situated co-workers questioned Corporate Defendants why Ribeiro and his similarly situated co-workers were required to work overtime during the week and on Saturdays without proper additional pay. In response, Corporate Defendants' agent/employee, Nuno Barrosa, told Ribeiro and his similarly situated co-workers: "you have to work at least 46-50 hours per week, even if you work the overtime for free."

67. Ribeiro replied that it was not fair to work overtime and on Saturdays if he was not going to be compensated for it. Mr. Barrosa threatened "if you do not come to work tomorrow (Saturday), you are fired."

68. Ribeiro opposed Mr. Barrosa directive and did not go to work on Saturday, May 14, 2022. His similarly situated co-workers also did not show up to work on Saturday, May 14, 2022. As a result, Mr. Barrosa sent Ribeiro and his similarly situated co-workers home as "punishment" and told them to check back on May 23, 2022, to see if by then Defendants would lift the "punishment."

69. Corporate Defendants suspended Ribeiro or constructively discharged him.

70. The motivating factor, which caused Ribeiro's suspension and constructive discharge as described above, was the complaint seeking the payment of overtime wages from the Corporate Defendants. In other words, Ribeiro would not have been suspended or fired but for his complaint about unpaid overtime wages.

71. The Corporate Defendants' termination of Ribeiro was in direct violation of 29 U.S.C. § 215(a)(3) and, as a direct result, Ribeiro has been damaged.



www.saenzanderson.com

17

**PRAYER FOR RELIEF**

**WHEREFORE**, Ribeiro requests that this Honorable Court:

A. Enter a judgment against the Corporate Defendants for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, attorneys' fees, costs, and;

B. Reinstatement and promotion and injunctive relief prohibiting the Corporate Defendants from discriminating in the manner described above, emotional distress and humiliation, and pain and suffering, front wages, as well as other damages recoverable by law under 29 U.S.C. § 216(b).

**JURY DEMAND**

Plaintiff and those similarly situated demand trial by jury of all issues so triable as of right.

Dated: July 1, 2022.

Respectfully submitted,

By**: s/ Tanesha W. Blye**
Tanesha W. Blye, Esquire
Fla. Bar No.: 738158
Email: tblye@saenzanderson.com

R. Martin Saenz, Esquire
Fla. Bar No.: 0640166
Email: msaenz@saenzanderson.com

SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549

*Counsel for Plaintiffs*



www.saenzanderson.com