UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
Case No. 1:22-cv-22017-KMW

| | |
|---|---|
| ROBERT SAN MARTIN, MIGUEL RIBEIRO, and other similarly situated individuals, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| R&S CONCRETE SOUTH, INC., a Florida Corporation, ROGER & SONS CONCRETE, INC., a New York Corporation, and ANTONIO RODRIGUES, | ) |
| | ) |
| | ) |
| Defendants. | ) |
| | ) |

---

**JOINT STIPULATION OF DISMISSAL WITH PREJUDICE AND JOINT MOTION FOR APPROVAL OF THE PARTIES' FLSA SETTLEMENT AGREEMENT AS TO COUNTS I, II, III & IV WITH PREJUDICE**

Plaintiffs, ROBERT SAN MARTIN, MIGUEL RIBEIRO, and OLIVEIRA RIBEIRO[1] ("Plaintiffs"), and Defendants, R&S CONCRETE SOUTH, INC., a Florida Corporation, ROGER & SONS CONCRETE, INC., a New York Corporation, and ANTONIO RODRIGUES (collectively, "Defendants"), by and through undersigned counsel, hereby file this Joint Stipulation of Dismissal with Prejudice and Joint Motion for Approval of the Parties' FLSA Settlement Agreement as to Counts I, II, III, and IV, and in support, state as follows:

Plaintiffs filed this action on July 1, 2022, alleging six counts: Counts I and II for Wage and Hour Violation against Corporate Defendants; Counts III and IV for Wage and Hour Violation against Individual Defendant; and Counts V and VI for Retaliatory Discharge against R&S Concrete South, Inc.

---

[1] Oliveira Ribeiro is the Opt-In Plaintiff. A Notice of Consent to Join was filed by Oliveira Ribeiro on November 2, 2022. See ECF No. 23.

To ensure that the employer is relieved of liability under the Fair Labor Standards Act (the "FLSA"), a compromise must be either supervised by the Secretary of Labor or must be approved by the District Court. *See Lynn's Food Stores, Inc. v. United States*, 679 F. 2d 1350 (11th Cir. 1982). To approve the settlement, the Court should determine that the compromise is a fair and reasonable resolution of a bona fide dispute over FLSA provisions. *Id.* at 1354. If the settlement terms meet the aforementioned criteria, the Court should approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.; see also Sneed v. Sneed's Shipbuilding, Inc.,* 545 F. 2d 537, 539 (5th Cir. 1977).

Courts are encouraged to approve settlements accomplished through negotiation in cases where the plaintiff is represented by counsel and therefore placed in an adversarial setting. In detailing the circumstances justifying court approval of an FLSA settlement in a litigation context, the Eleventh Circuit stated:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Lynn's Food Stores,* 679 F.2d at 1354. Here, Plaintiffs were represented by counsel, and, thus, fairness concerns are not implicated regarding settlement of the FLSA dispute. *See Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247 (5th Cir. 2012); *see also Fernandez v. A-1 Duran Roofing, Inc.*, Case No. 12-CV-20757, 2013 WL 684736, * 1 (S.D. Fla. 2013).

In the instant action, Plaintiffs claimed, in part, that they worked for Defendants as employees and that during the time they were employed, they were not properly paid for all hours worked. Defendants adamantly denied Plaintiffs' claims. During this litigation, the Parties have propounded and

2

responded to discovery, had several in-depth discussions on damages and additionally exchanged detailed information concerning Plaintiffs' respective employment with Defendants, including Plaintiffs' pay, hours worked, vacation time, and time records.

Through a review of the applicable records and to avoid the costs and uncertainty of litigation, the Parties have negotiated a settlement of all overtime wage claims by Plaintiffs against Defendants. Accordingly, the Parties submit the settlement agreement executed by Plaintiffs, ROBERT SAN MARTIN, MIGUEL RIBEIRO, and OLIVEIRA RIBEIRO and Defendants, R&S CONCRETE SOUTH, INC., a Florida Corporation, ROGER & SONS CONCRETE, INC., a New York Corporation, and ANTONIO RODRIGUES, for the Court's review and approval. *See* the Parties' Settlement Agreement pertaining to Plaintiffs' overtime wage claims, attached hereto as **Exhibit "A"** (the "Agreement"). The Parties respectfully request that the Court approve the terms of the settlement agreement pursuant to *Lynn's Food Stores*, retain jurisdiction to enforce the Settlement Agreement, and dismiss the Complaint with prejudice upon making a finding that the Agreement is approved.

The settlement of Counts I, II, III, and IV is for a total of $55,000.00, representing $34,887.80.00 in unpaid overtime, $18,000.00 in attorney's fees, and $2,112.20 in costs ("settlement amount"), broken down as follows:

(a)   To Oliveira Ribeiro the sum of $**11,629.26,** less applicable taxes;
(b)   To Miguel Ribeiro the sum of $**11,629.27,** less applicable taxes;
(c)   To San Martin, the sum of $**11,629.27,** less applicable taxes; and
(d)   To Saenz & Anderson, PLLC, the sum of $18,000 as attorneys' fees and $2,112.20 as costs.

*See* **Exhibit A** at ¶5. The attorney's fees and costs concerning the above-styled action have been negotiated and will be paid *separately* from Plaintiffs' recovery. Counsel for Plaintiffs further stipulates that the amount recovered by Saenz & Anderson, PLLC in attorney's fees and costs, for Counts I, II, III, and IV of Plaintiffs' Complaint, is fair and reasonable, and that they accept this reduced amount in full satisfaction of the attorneys' fees and costs incurred on the Plaintiffs' behalf for Plaintiffs' overtime wage claims. A copy of the Plaintiffs' counsel Declaration, outlining Plaintiffs' fees and costs billed to

date, attached hereto as **Exhibit "B"**.

Given the Parties' respective positions on the issues raised in the operative complaint, the Parties agree that they would incur great expense litigating these issues through trial.  Given the amount claimed, and the possibility of Plaintiffs recovering nothing additional to what was previously offered by Defendants, the Parties agree that the settlement amount is a fair compromise for Plaintiffs' overtime wage claims.

With regard to Counts V and VI (retaliatory discharge), the Parties have entered into a separate confidential settlement agreement, which does not require court approval. *See McQuillan v. H.W. Lochner, Inc.,* Case No. 6:12-cv-1586-Orl-36TBS, 2013 WL 6184063 *2-3 (M.D. Fla. Nov. 25, 2013) ("settlement of FLSA retaliation claims (or of non-FLSA claims, for that matter) need not be approved by the District Court."). Pursuant to said settlement agreement, the Parties jointly stipulate to a voluntary dismissal of the entire action (Counts I – VI) with Prejudice.

It is the Parties' contention that in light of the issues in dispute, the amount received by Plaintiffs is a fair and reasonable settlement and should be approved by this Court. The Parties further state that there was no undue influence, overreaching, collusion or intimidation in reaching the settlement agreement.

All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process.

A copy of a Proposed Order granting the instant motion is attached hereto as **Exhibit "C"**.

**WHEREFORE**, the Parties:

1) By and through their respective undersigned counsel, and pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure hereby stipulate to the dismissal of this action in its entirety, with prejudice, as a result of settlement, each party to bear its/his own attorneys' fees and costs incurred in this case, except as provided in the

settlement agreements; and

2) Respectfully request that Court enter an Order (a) approving the terms of the settlement

agreement as to Counts I, II, III, and IV, and (b) retaining jurisdiction to enforce the terms

of the settlement agreement.

Dated: December 23, 2022.

Respectfully submitted,

<table>
<tr><td>

**s/ Tanesha W. Blye**
Tanesha Walls Blye
E-mail: tblye@saenzanderson.com
R. Martin Saenz
E-mail: msaenz@saenzanderson.com
SAENZ & ANDERSON, PLLC
20900 NE 30th Avenue, Ste. 800
Aventura, Florida 33180
Telephone: (305) 503-5131
Facsimile: (888) 270-5549
*Counsel for Plaintiffs*

</td><td>

**s/ Rene Gonzalez-LLorens**
Rene Gonzalez-LLorens
E-mail: rllorens@shutts.com
Dario A. Perez
E-mail: dperez@shutts.com
200 S. Biscayne Boulevard, Suite 4100
Miami, Florida 33131
Telephone: (305) 347-7337
Facsimile: (305) 347-7837
*Counsel for Defendants*

</td></tr>
</table>