UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-22017-CIV-WILLIAMS/MCALILEY

ROBERT SAN MARTIN, *et al.*,

    Plaintiff,

vs.

R&S CONCRETE SOUTH, INC., *et al.*,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Pending before the Court is the parties' Joint Motion for Approval of FLSA Settlement Agreement, which the Honorable Kathleen M. Williams referred to me for a report and recommendation. (ECF Nos. 33, 34). This action includes claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, for unpaid minimum wages and overtime compensation. (ECF No. 1). The Court has carefully reviewed the FLSA Settlement Agreement, which provides that each Plaintiff will receive $11,629.26, less applicable taxes, in unpaid wages and overtime, and Plaintiffs' counsel will receive $18,000 in attorneys' fees and $2,112.20 in costs. (ECF No. 33-1 at ¶ 5).

An employee who brings suit for unpaid minimum wages and overtime may only settle those claims if the court enters an order approving the settlement, by finding that it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores, Inc. v. United States, U.S. Dep't. Of Labor*, 679 F.2d 1350, 1355 (11th Cir. 1982). In making this determination courts may consider factors, such as: "(1) the existence of collusion

behind the settlement; (2) the complexity, expense and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1-2 (M.D. Fla. 2012) (citations omitted). In addition to conducting a fairness analysis of the amount paid to compromise Plaintiffs' FLSA minimum wage and overtime claims, the Court must also evaluate the reasonableness of any attorneys' fees included in the FLSA settlement. *Vazquez v. 1052 LLC*, Case No. 15-22677-Civ-Cooke/Torres, 2016 WL 541432, at *1 (S.D. Fla. Feb. 11, 2016) (citation omitted).

The parties filed a copy of their Settlement Agreement (ECF No. 33-1), and Plaintiff's counsel filed a copy of their billing records, which reflect that Plaintiff incurred $24,032.50 in attorneys' fees and $2,441.50 in costs. (ECF Nos. 33-2). Plaintiffs Robert San Martin and Miguel Ribeiro previously filed a Statement of Claim, each asserting that they are owed $37,500 in unpaid minimum wages and overtime compensation. (ECF No. 6). Plaintiff Oliveira Ribeiro did not file a Statement of Claim. Defendants filed a Response to San Martin's and Miguel Ribeiro's Statement of Claim denying that any minimum wages or overtime compensation is owed, and producing payroll and other documents in support of their Response.

The Court has carefully reviewed the record in this action, including the Complaint and Defendants' Answers and Affirmative Defenses. (ECF Nos. 1, 10, 20). The Court has also carefully reviewed the Plaintiffs' counsel's detailed timesheets. (ECF

No. 33-2). The Court has considered this information in light of the fairness factors identified above.

Pursuant to the Settlement Agreement, each Plaintiff will receive approximately 30% of the amount sought in the Statement of Claim. With respect to attorneys' fees, the parties negotiated this amount separately from the amounts that Plaintiffs will receive. (ECF No. 33 at 3). It reflects a 25% reduction in the amount of attorneys' fees incurred. Notably, although this action had been pending for only a few months before the parties reached a settlement, they had already taken meaningful steps to move this action forward, including exchanging Rule 26 disclosures, propounding and responding to discovery, and filing a Motion for Conditional Class Certification. The Court does note that the $400.00 hourly rate sought for one of Plaintiffs' attorneys, Juliana Cortes, appears excessive given that she has approximately six (6) years' experience. However, Ms. Cortes spent just 3.3. hours out of a total 82.1 hours expended, and thus her hourly rate has, at best, a *de minimis* impact on the amount of reasonable attorneys' fees.

As for costs, the billing records reflect that Plaintiffs incurred costs for translation (which accounts for most of the costs incurred), process server fees, the court filing fee and a $100.00 "flat fee for copying and postage per retainer agreement." (ECF No. 33-2 at 17). The Court questions the propriety of awarding costs for the "flat fee", and notes that certain of the process server fees seem unusually high. However, the amount of costs to be paid under the Settlement Agreement is less than the total incurred, and the Settlement Agreement provides that Plaintiffs' counsel "accept[s] this reduced amount in full satisfaction of the…costs incurred on the Plaintiffs' behalf for Plaintiffs' overtime

3

[and] wage claims." (ECF No. 33 at 3).

For the foregoing reasons, I conclude that the Settlement Agreement is a fair and reasonable resolution of a bona fide dispute over Plaintiffs' minimum wage and overtime FLSA claims, and the amount of attorneys' fees and costs Plaintiffs' counsel will receive for prosecuting these FLSA claims is reasonable.

For the foregoing reasons, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** the Joint Motion for Approval of the FLSA Settlement Agreement (ECF No. 33), **APPROVE** the parties' Settlement Agreement (ECF No. 33-1), and **DISMISS** this action **WITH PREJUDICE** with each party to bear their/its own attorneys' fees and costs, except as provided in the Settlement Agreement. In their Joint Motion, the parties request that the Court retain jurisdiction to enforce the terms of the settlement agreement. (ECF No. 33 at 5). The Settlement Agreement requires Defendants to make payment "20 days after the Court approves the settlement." (ECF No. 33-1 at 3). Accordingly, I **FURTHER RECOMMEND** that the Court retain jurisdiction for a period of 45 days to enforce the Settlement Agreement.

**No later than (7) seven days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Kathleen M. Williams, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), *Henley v.* Johnson, 885 F.2d 790, 794 (11th Cir. 1989), 28 U.S.C. § 636(b)(1), 11th Cir. R. 3-1 (2016).

RESPECTFULLY SUBMITTED in chambers in Miami, Florida, this 20th day of January 2023.

*[signature]*
CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable Kathleen M. Williams
Counsel of Record